JOSEPH DARRAH AND CLARENCE ALSTEN, PLAINTIFFS-RESPONDENTS, v. ERIE RAILROAD COMPANY, DEFENDANT-APPELLANT.

JOSEPH DARRAH AND CLARENCE ALSTEN, PLAINTIFFS-RESPONDENTS, v. JOSEPH A. HOCKE AND JAMES GREENDYKE, DEFENDANTS-APPELLANTS.

Argued October 19, 1934—Decided January 10, 1935.

For the defendants-appellants, *Hobart & Minard.*

For the plaintiffs-respondents, *Kent & Kent.*

The opinion of the court was delivered by

DONGES, J. This appeal brings up two judgments of the Supreme Court in two cases tried at the Bergen Circuit. The trial resulted in a verdict for the plaintiff Darrah for $1,000 and the plaintiff Alsten for $400 against the three defendants Hocke, Greendyke and Erie Railroad Company. The suits were brought, one against the Erie Railroad Company by both plaintiffs, and one against Hocke and Greendyke by both plaintiffs. They were consolidated for trial.

It appears beyond dispute that the plaintiffs were trespassers upon a moving freight train of the Erie Railroad; that they boarded it at Secaucus and when they were approaching Allendale the defendants Hocke and Greendyke, with revolvers in hand, were standing beside the railroad demanding that the plaintiffs and ten or twelve other trespassers upon a flat car in the train get off the freight train. The testimony on behalf of the plaintiffs was that some person fired shots which whizzed over the car on which the plaintiffs were sitting; that these shots came from the direction of the defendants Hocke and Greendyke when they were beside the tracks. After the firing began, Hocke was observed on the roof of a box car next to the flat car on which the plaintiffs were riding. Darrah successfully got off the flat car and was moving into the woods beside the railroad right of way when he was shot in the thigh, the ball entering the right thigh from the inside and passing almost through the leg. Alsten, in jumping from the train, broke his foot or leg.

The theory of the complaints on behalf of the plaintiffs was that the individual defendants were the servants and agents of the Erie railroad, which is not disputed, and that as such agents and servants, in carrying out the instructions of the employer, they used more force, violence and threats than were necessary to eject the trespassers from the train.

The railroad company makes much of the failure of the plaintiffs to identify the individual who fired the shot that struck Darrah, but this is unimportant inasmuch as admittedly both defendants were engaged in a common enterprise of chasing the plaintiffs, so that if either, in this situation, fired the shot that struck Darrah, both would be liable. Likewise as to the plaintiff Alsten, if they used more force than was necessary to eject him from the train, then their acts were willful and both those participating. in the episode of the shooting and the employer would be liable.

It is true that the testimony as to who fired the shot is not definite, but it does appear that both of the individual defendants had revolvers in their hands. The testimony is that the revolvers were furnished to both Hocke and Greendyke by the Erie Railroad Company. Greendyke was seen to fire from the ground, although there is no certainty that a shot from his revolver struck Darrah. While perhaps the testimony is not definite that Hocke fired shots, he was seen on the box car and on the ground holding a smoking revolver, so the necessary inference is that he had fired shots.

In the situation presented, we conclude that there was a jury question presented as to the use of excessive force in the circumstances. Certainly the shooting of Darrah after he had left the train, if not the railroad property entirely, was a show of excessive force; and if, as Alsten says, he became scared and was put in such fear from the firing of revolvers in his direction that he jumped without the precaution of leaving by the ladder, which was being used by other trespassers, or because of fear engendered by the shooting of revolvers, neglected to use the care he otherwise would have used for his safety, there was evidence from which a jury question as to the use of excessive force was presented and as to whether the injuries resulted therefrom. *West Jersey and Seashore Railroad Co.* v. *Welsh,* 62 *N. J. L.* 655; *Letts* v. *Hoboken Railroad, &c., Co.,* 70 *Id.* 358; *Dierkes* v. *Hauxhurst Land Co.,* 80 *Id.* 369. In this situation the motions to nonsuit and direct a verdict for defendants were properly denied.

The other questions relate to alleged errors of the court in its charge. The first is the refusal to charge request No. 5, reading as follows:

"5. As to the plaintiff Alsten, I charge you that a person injured while jumping on or off a train in motion is guilty of contributory negligence and cannot recover."

The court charged this but supplemented it by saying that the jury should keep in mind what he said about losing control. He went on to say that if the jumping by Alsten was of his own volition, he was injured by his own negligence and could not recover. This appears to be an accurate statement of the law. Certainly the request as framed could not be charged because the law is that if a person is induced to leave a train, although a trespasser, by an excessive use of force, either actually applied or so used as to terrorize the trespasser into failing to act reasonably for his own protection, as he might otherwise, such show of force would constitute negligence and be actionable.

The seventh request to charge was:

"7. I charge you that a trespasser detected upon a moving train may be ordered off with a show of reasonable force while the train is in motion. He cannot impose a duty upon the railroad company to permit him to remain upon the train or to stop it for his convenience."

This was charged with the reservation that it, too, must be taken with respect to the circumstances, and that the law would not justify trainmen in throwing a man from the train when the speed would be such as would reasonably endanger his life. This modification is sound, and there was no error in so charging.

The next point is with respect to request No. 9:

"9. You have a right to infer that the plaintiffs were conscious of their fault as trespassers and the fear of punishment under the law operated together with the orders of the railroad policemen to leave the train induced them to take the risk of jumping, and under these circumstances I charge you that if you find the plaintiffs were injured under these circumstances the defendants are entitled to your verdict."

Of course, this could not apply to the plaintiff Darrah, who was injured after he was safely off the train, so that it would be proper to refuse it upon that ground as not being an accurate statement of fact.

The next point deals with request No. 12:

"12. With respect to the plaintiff Darrah, I charge you that the burden of proof is upon him to prove by a fair preponderance of the testimony that he was injured by a bullet fired by one of the defendant police officers, and I further charge you that you must be satisfied by the fair preponderance of the testimony as to which police officer, if either of them, actually fired the bullet, in which case only the police officer whom you find actually fired the shot can be held liable, and the defendant Erie Railroad Company would still be entitled to your verdict unless you find that such police officer was acting at the time under instructions of the defendant railroad company or his act had been approved by them."

The court charged that with this modification: "I will modify this and tell you that the burden of proof, of course, is on the plaintiffs to establish by a fair preponderance of the testimony their contentions in this case." By reason of the mixture of principles incorporated in the twelfth request, the court was not obliged to charge it as framed. The whole charge in effect gave the defendants all that this request entitled them to.

The next challenge is that the court erroneously stated some facts as to Hocke having been seen by Alsten with a gun, but what the trial court said in that connection is sustained by the evidence.

The other grounds of appeal are not argued. One deals with a long excerpt from the charge which is substantially accurate. The refusal to charge request No. 13 is also complained of, but it was charged in effect, although not in the exact form requested. The tenth and eleventh grounds of appeal deal with the defendants Hocke and Greendyke being police officers, but are not urged.

Upon the whole case, there being questions of fact as to

the use of excessive force, and the state of mind, due to such show of excessive force, in which the plaintiff Alsten was when he jumped from the train; and there being evidence that Darrah was injured when he was off the train, and perhaps off the railroad property, the plaintiffs were clearly entitled to have the case submitted to the jury; and there being no harmful error in what the court said in its charge, the judgments will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.